THE NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellant, *v.* LORENZO GUARCH, Defendant and Appellee.

No. 6940.   Argued February 4, 1937.—Decided February 10, 1937.

*Fiddler, Córdova & McConnell* for appellant.   *González Fagundo & González Jr.* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff bank, as assignee of The American Colonial Bank of Porto Rico, brought an action against Lorenzo Guarch on a promissory note for $7,000, executed jointly and severally by the defendant Guarch and Celestino Benítez on June 18, 1928, to mature four months later, or on October 18, 1928.   The back of the note shows that it was extended several times, the last extension granted expiring on April 4, 1932.   To secure the payment of the obligation and interest thereon at the rate of 9 per cent per annum, Celestino Benítez and his wife executed a mortgage in favor of The Amer-

ican Colonial Bank of Porto Rico upon a farm of 250 acres *(cuerdas)*, on the same date that the note was made, and the note refers to the execution of the mortgage as collateral security.

The answer admits the making of the note, but denies that the defendant delivered it to the Colonial Bank; admits that various extensions were granted, but alleges that they were granted at the instance of the debtor, Celestino Benítez, and without the knowledge or consent of the defendant; denies that the note became due on April 14, 1930, and alleges on the contrary that the Colonial Bank, by a public deed of November 20, 1929, had waived and postponed its right to declare the debt due and foreclose the mortgage or to institute judicial proceedings to collect any amount owing to it on the note. The defendant further alleges that although he signed the promissory note as a solidary debtor, the truth is that he did not receive any money from the bank and did not deliver the note to the said bank; that according to the terms of the obligation, the defendant is only liable in the event that, after foreclosure of the mortgage securing the note, the security should be insufficient to cover the debt, the interest thereon, and the costs; and that by virtue of the extensions granted by the creditor bank to the debtor Benítez, and the execution of the deed of waiver, whatever liability the defendant might have had has become extinguished, and the bank is precluded from recovering any sum from the defendant.

The parties have accepted as facts beyond dispute that the original obligation is a solidary one, and that the plaintiff bank accepted the promissory note with full knowledge of the facts and subject to the same defenses which might be set up against the assignor bank.

The object of the present appeal is to obtain a reversal of the judgment of the lower court dismissing the complaint and imposing costs on the defendant. In support of the appeal it is urged that the lower court erred in holding that

the agreement entered into between the Colonial Bank and the Hurricane Relief Commission by a deed of Novembr 20, 1929, had the legal effect of discharging the defendant from his obligation on the promissory note, and that said agreement is a bar to any suit brought against Guarch before the first of July 1939. The determination of this appeal depends upon the interpretation that we may give to the terms and conditions of the agreement.

The American Colonial Bank, which was the only party to the deed of November 20, 1929, states therein that the property mortgaged by Celestino Benítez to secure the promissory note had been damaged by the hurricane of September 13, 1928; that in order to restore said property Benítez had asked for a loan from the Porto Rican Hurricane Relief Commission; that said Commission imposed as a condition to the granting of said loan that the creditor should waive and postpone temporarily its right to foreclose the mortgage, or to take any judicial action which might cause the mortgagor to lose his property; that in consideration of the improvement of the property through the investment to be made on it of the amount of the loan, and the considerable increase in the value of the mortgage security, and in consideration also of the sum of one dollar paid by the debtor Benítez to the bank, the latter waives and postpones its rights as required by the Hurricane Relief Commission in accordance with the following clause:

"*First Clause:* That it waives and postpones for a term subsequently stated, in favor of the United States of America or its legal representatives, its right under the said mortgage deed to declare the principal debt due, and its right to foreclose the mortgage, or to bring any judicial proceeding to collect any sum owed, for nonpayment of the principal, or of the interest stipulated, or of any instalment agreed upon, or for breach of any condition mentioned therein.'"

In the second clause it is stated that the waiver *shall not affect the obligation to pay the debt and the interest thereon,* and also, *that it is acknowledged that the Hurricane Relief*

*Commission has the right to renounce any benefits accruing to it under said waiver, at any time before the expiration of the term thereof.* In the third clause it is set forth that the principal object of the waiver is to permit the debtor Benítez to devote his efforts to the restoration of the property in the assurance that he will not be hampered by judicial demands and proceedings which might be instituted by the mortgagee. The fourth clause provides that the bank may not foreclose the mortgage unless the consent of the Hurricane Relief Commission is previously obtained. The fifth clause fixes July 1, 1939, as the date on which the waiver and postponement of rights is to expire.

The following notation was made by the notary on the back of the promissory note:

*"Waiver and Postponement of Rights:* This obligation is subject to the contents of the clause of deed No. 71, of Waiver and Postponements of Rights, signed by the mortgagee, The American Colonial Bank of Porto Rico, on November 20, 1929, before Notary Salvador Suau Carbonell, whereby the bank waives and postpones, for a period of time which begins today and expires on July 1, 1939, in favor of the United States of America or its legal representatives, the right of the bank under the mortgage deed which secures the present obligation, to declare the principal amount of the debt due, and its right to foreclose the mortgage, or to bring any judicial proceeding to collect any sum owed, for nonpayment of the principal, or of the interest stipulated, or of any instalment agreed upon, or for breach of any condition mentioned therein; and said waiver and postponement of rights by the mortgagee will bind its heirs, executors, successors, or assigns, as the case may be. Puerto Rico, November 20, 1929.— (Signed) Salvador Suau Carbonell, Notary Public."

The defendant testified, without contradiction, that the bank never made any demand for payment upon him; that the extensions of the note were granted without his knowledge or consent; and that he did not receive any part of the seven thousand dollars represented by the note, but this latter statement was stricken by the court upon motion of the attorney for the bank.

It seems advisable to state as an ultimate fact appearing from all the evidence that, although Celestino Benítez was not a party to the deed executed by the Colonial Bank, Benítez necessarily knew of its terms and conditions, since it appears from the instrument itself that Benítez had asked for the loan; that the Hurricane Relief Commission had imposed the condition that the bank should execute the waiver; and that Benítez paid to the bank the sum of one dollar as a part of the agreed consideration.

We have deemed it necessary to make a detailed statement of the essential facts of this case, in order to arrive at the legal relationship arising from them as between (a) the bank as creditor and Benítez and Guarch, as solidary debtors on the note; and (b) Benítez and Guarch as co-makers of the obligation.

It is beyond dispute that before the execution of the deed of waiver and postponement of rights, and upon the maturity of the obligation, the creditor bank could have sued both debtors, Benítez and Guarch, or one of them only, since it was a solidary obligation. (Section 1097, Civil Code, 1930 ed.) It is also indisputable that if the bank had brought its action against Guarch and compelled him to pay the debt, Guarch could have claimed from his co-debtor Benítez the reimbursement of the amount received by the latter, whether this were a part or the whole of the principal sum owed to the bank and evidenced by the note on which this action is based, and that Guarch, on payment of the debt of Benítez, would have the right to be subrogated in all the rights and claims of the creditor bank, including the right to foreclose the mortgage executed as security for the debt paid by him. (Sections 1098, 1164, and 1166, Civil Code, 1930 ed.)

The appellant argues that as Benítez was not a party to the contract between the bank and the Hurricane Relief Commission, Benítez can not take advantage of said contract, and much less can his co-debtor Guarch do so. We are not convinced by this argument. It is true that Benítez

does not appear as a formal party to the contract; but it is also true that the contract was executed at the instance and for the benefit of Benítez, who could not have obtained the loan from the Hurricane Relief Commission if the bank had refused to waive its rights as it did in accordance with the notation on the back of the note. We do not deem it necessary to cite any authorities in support of the doctrine that where a contract is made for the benefit of a third person, the latter has the right to enforce its obligations as if he had been one of the parties to the contract. We have no doubt whatever that Benítez has the same rights as the Hurricane Relief Commission, unless the latter waives them in accordance with the stipulations of the contract itself.

Let us now consider whether the other debtor, Guarch, is entitled to the benefit and protection of the waiver and postponement of rights made by the bank. The rights waived by the bank were:

1. To declare the debt due.

2. To foreclose the mortgage.

3. To bring any judicial proceeding to collect the principal or interest.

If the intention of the bank had been to waive only its right to foreclose the mortgage and to recover the amount of the note through a sale of the mortgaged property, the first and second waivers would have sufficed. We must presume that when the bank went further and also waived *"the right to bring any judicial proceeding to collect the principal sum,"* what it had in mind and what it waived was its right to bring an ordinary action of debt to recover the amount of the note. The third of the waivers above enumerated can have no other meaning.

Admitting for the purposes of this discussion that the waiver or postponement of the right to bring an ordinary action was made for the benefit of Benítez, and not for the benefit of his co-debtor Lorenzo Guarch, it may be asked: On what does the bank base its right to sue Guarch and

impose upon him the disadvantages and injuries which the waiver and postponement of rights made by the mortgagee would necessarily cause him? Let us see what these disadvantages and injuries are.

Lorenzo Guarch, as solidary co-debtor of, or surety for, Benítez, upon being sued by the bank and compelled to pay the amount of the note, would have the right to claim from his co-debtor, or principal, Benítez the payment of whatever sum Benítez was obligated to pay, with interest thereon (Sections 1098 and 1112, Civil Code, 1930 ed.) He would also have the right to demand that the creditor bank subrogate him in its rights as such creditor, including the rights under the mortgage executed by Benítez and his wife as security for the promissory note, so that he could foreclose it, in case Benítez failed to discharge the obligation of reimbursing the sum paid by him to the bank. (Sections 1113 and 1164, Civil Code, 1930 ed.) Those rights, established by the law in favor of a solidary debtor or surety who is compelled to pay the obligation of his co-debtor or principal, have been prejudiced in this case, by reason of the waivers made in the contract between the creditor and the Hurricane Relief Commission, for the benefit of the co-debtor Benítez, because there is no doubt that even if the debtor Guarch were subrogated in all the rights of the bank as mortgagee, he could not foreclose the mortgage before the expiration of the term fixed in the waiver, unless he should first obtain the consent of the Hurricane Relief Commission. The debtor Guarch would have to wait until the expiration of the agreed term, since he would have had notice of the waiver and postponement of rights before the subrogation had been effected. It would be unjust and inequitable to hold that Guarch is subject to the disadvantages and obligations of a contract executed without his knowledge or consent, but is not entitled to the rights and benefits granted in that same contract to the other debtor. Nor can we hold that Guarch could take up the promissory note, acquire the rights of the bank as

mortgagee, and foreclose the mortgage, disregarding the waiver of rights executed by the bank, and the rights of the Hurricane Relief Commission, because that would be equivalent to holding that the bank is entitled to do indirectly what it expressly agreed not to do. Moreover, if the subrogation were made in favor of Guarch and he should attempt to foreclose the mortgage, certainly the Hurricane Relief Commission could, by means of an injunction, stop the foreclosure and prevent a breach of its contract with the bank. We do not deem it necessary to consider or decide whether or not there was a novation of the obligation, although we are inclined to the view that no novation was effected.

For the reasons stated and because the action brought by the plaintiff is premature, the judgment appealed from will be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.